UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RONALD J. STUART, | ) | CASE NO. 3:06 CV2115 |
| | ) | |
| Petitioner, | ) | JUDGE DAN POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| U.S. MARSHALLS, | ) | |
| | ) | |
| Respondent. | ) | |

     Pro se petitioner Ronald J. Stuart filed the above captioned petition pursuant to 28 U.S.C. § 2241 on August 31, 2006. He complains that he has been held at the Lucas County Correctional Center since January 2006. Mr. Stuart questions the legality of his detention and requests a transfer back to state prison or to be placed in a "'federal holding' situation until such matter of his legal circumstances has been resolved." (Pet. at 1-2.)

*Background*

     In his petition before the court, Mr. Stuart states that "approximately 8 months ago" he was removed and transferred from the Toledo Correctional Institution (ToCI). At the time of his transfer he claims that his physical and mental status were not in question. Nonetheless, "at present, said status of Plaintiffs physical and mental status is in question and of importance to his present

status." (Pet. at 1-2.) He claims that the defendant United States Marshall promised that he would be removed from his current status.

## *28 U.S.C. § 2241*

Courts have uniformly held that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Notwithstanding the fact that prisoner's custodian is generally the warden of the prison in which he is held, the court cannot grant Mr. Stuart the habeas relief he requests.

## *Writ of Habeas Corpus Ad Prosequendum*

This court takes judicial notice of the fact that Mr. Stuart was named in an indictment issued in this court on September 8, 2005. See United States v. Luna, et al., No. 3:05Cr0783 (ND Ohio filed Sept. 8, 2005, Carr, J.) At the time the indictment was filed, petitioner was incarcerated at the ToCI. Therefore, a writ of habeas corpus ad prosequendum was issued as to Mr. Stuart on November 1, 2005. He was then brought before Magistrate Judge Armstrong on November 23, 2005 for an arraignment in the United States District Court for the Northern District of Ohio, wherein he entered a plea of not guilty to charges of conspiracy to possess with intent to distribute cocaine, cocaine base (crack), and marijuana in violation of 21 U.S.C. § 841 (a)(1) and 846(1). The matter is now scheduled for trial on December 6, 2006.

If, as in the present case, a defendant is first in state custody and then is turned over to federal officials for federal prosecution under a writ of habeas corpus ad prosequendum, the state

government's loss of jurisdiction is only temporary.  Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980); In re Liberatore, 574 F.2d 78, 89 (2nd Cir.1978). The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.  Bullock v. State of Mississippi, 404 F.2d 75, 76 (5th Cir.1968); Zerbst v. McPike, 97 F.2d 253, 254 (5th Cir.1938);  United States v. Avery, No.  90-5216, 1990 WL 118695, at *5 (6th Cir. Aug. 15, 1990).

Expressly included within a district court's authority to grant writs pursuant to § 2241 is the power to issue such a writ when it is necessary to bring a prisoner into court to testify or for trial.  See 28 U.S.C. § 2241(c)(5). Since the time of  Ex Parte Bollman and Swartwout,  8 U.S. 75 (1807), the statutory authority of federal courts to issue writs of habeas corpus ad prosequendum to secure the presence, for purposes of trial, of defendants in federal criminal cases, including defendants then in state custody, has never been doubted.  United States v. Mauro, 436 U.S. 340 (1978).  With the enactment of 28 U.S.C. § 2241 in 1948, this authority was made explicit; and, in 1961, the Court held that this authority was not limited by the territorial boundaries of the federal district court. Carbo v. United States, 364 U.S. 611, 614 (1961).

It is apparent that Mr. Stuart's transfer from the ToCI  to appear for trial in the United States District Court for the Northern District of Ohio was proper.  Notwithstanding the court's right to issue a writ of habeas corpus ad prosequendum  in this case, he has no justifiable expectation that he will be incarcerated in any particular prison within a State, or any justifiable expectation that he will be incarcerated in any particular State. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); see also Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976)(prisoner has no constitutional right to be incarcerated in a particular prison).

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                         */s/Dan Aaron Polster 10/13/06*
                                         DAN AARON POLSTER
                                         UNITED STATES DISTRICT JUDGE